59 F.3d 173
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Richard M. BOALBEY, Plaintiff-Appellant,
v.
WHITESIDE COUNTY BOARD, et al., Defendants-Appellees.
 No. 94-1759.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 7, 1995.*
Decided June 15, 1995.
Rehearing Denied July 27, 1995.
 
 Before POSNER, Chief Judge, and PELL and ESCHBACH, Circuit Judges.
 
 Order
 
 1
 Whiteside County filed suit in 1987 in state court to demolish a building owned by Richard Boalbey. On April 19, 1988, the court held that the building was "dangerous and unsafe", and ordered the building demolished as per Illinois law. 55 ILCS 5/5-1080. Instead of appealing this adverse decision, Boalbey waited nearly four years, and then filed a suit in federal court under Sec. 1983 against the Whiteside County Board and its members, as well as the Village of Erie and its Board members. Over the course of two years, the district court gradually granted judgment in favor of all of the defendants on a variety of grounds ranging from sovereign immunity to expiration of the statute of limitations, and now Boalbey appeals.
 
 
 2
 One component of Boalbey's claims is that personal property of his was removed before or during the demolition; he claims that the failure to give him a receipt for this property is "theft". Boalbey seems to think that it was city or county officials that took the property, but presented no evidence to support this contention in the lower court. But even assuming that his factual theory is correct, Boalbey has not stated a Sec. 1983 claim, but rather a state law claim for theft or conversion. The Fourteenth Amendment does not turn every tort into a constitutional violation, Parratt v. Taylor, 451 U.S. 527, 544 (1981). Illinois law forbids theft, and any failure of government officials to adhere to that policy on a single occasion is a matter for the state. Easter House v. Felder, 910 F.2d 1387 (7th Cir. 1990) (en banc). Boalbey never alleges, either in his complaint, at the district court level, or on appeal, that the property was removed pursuant to some other policy or authority. That element of the complaint did not state a Sec. 1983 claim and was properly dismissed.
 
 
 3
 Even if we were to infer from Boalbey's claims of "theft" that he is arguing that there was an official governmental policy to steal property from buildings about to be condemned, his claim would be barred by the statute of limitations. Boalbey filed suit on February 4, 1992. The building was demolished some time in 1988. The statute of limitations for Sec. 1983 actions in Illinois is two years. Palmer v. Board of Education, 46 F.3d 682 (7th Cir. 1995). Boalbey's suit comes much too late.
 
 
 4
 The rest of the case is a complaint that the state court's judgment violated his civil rights and seeks that "this Court order that all of the decisions of the State court to be declared to be null and void". Boalbey's claim is reminiscent of a common scenario: a party objects to the outcome of a judicial proceeding and files a separate suit to get around it. But under the Rooker-Feldman doctrine, litigants cannot file collateral attacks on civil judgments in federal district courts; instead, they must seek review through the state appellate courts, and then the Supreme Court. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); GASH Associates v. Rosemont, 995 F.2d 726 (7th Cir. 1993); Ritter v. Ross, 992 F.2d 750 (7th Cir. 1993). "[T]he injury of which [plaintiff] complains was caused by the judgment, just as in Rooker, Feldman, and Ritter." GASH Associates, 995 F.2d at 729 (emphasis in original). The district court therefore lacked jurisdiction, as it has no power to review final judgments of a state court in judicial proceedings. The judgment is affirmed in part and vacated in part, and the case is remanded with instructions to dismiss the remainder for want of jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No statement has been filed. Accordingly, the appeal is submitted on the briefs and the record